IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALEN GLINES, #Y19197, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–1444−SMY |
| | ) | |
| WEXFORD HEALTH SOURCES, INC. | ) | |
| DR. BUTALID, | ) | |
| DR. MYERS, and | ) | |
| CHRISTINE BROWN, | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Alen Glines, an inmate in Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues, in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): while he was incarcerated in Big Muddy Correctional Center in early summer 2017, an ultrasound revealed that Plaintiff had a stone in one kidney and a cyst on the other. (Doc. 1, p. 3). On July 20, 2017, a kidney specialist informed Plaintiff that his kidneys were only operating at 23 percent. *Id.* She noted that she would address the cyst and kidney stone, but would delay dialysis at that time. (Doc. 1, p. 4). Plaintiff was transferred to Pinckneyville on July 24, 2017. *Id.*

Plaintiff saw Defendant Dr. Butalid around July 30, 2017. *Id.* He explained his medical problems to him, including multiple strokes, kidney disease, heart disease, hypertension, and diabetes. *Id.* Butalid told Plaintiff that he was due to see the kidney specialist again in November 2017. *Id.*

Around December 22, 2017, Plaintiff saw Defendant Dr. Myers at the Health Care Unit. *Id.* Plaintiff detailed his kidney problems and told Myers that he was in excruciating pain. *Id.*

Myers told Plaintiff that the nursing staff was working on scheduling Plaintiff a teleconference appointment with the kidney specialist. (Doc. 1, pp. 4-5). Plaintiff complained that his previous appointment scheduled for November did not happen, but Myers dismissed him. (Doc. 1, p. 5).

Around March 6, 2018, Plaintiff was seen by Nurse Practitioner Blum. *Id.* Plaintiff told Blum that he was getting worse and asked why he had not seen the specialist again. *Id.* Blum replied that they could not make her see him. *Id.* Plaintiff saw Myers again on June 15, 2018, and once again explained his history of kidney failure. *Id.* He also told Myers the stone and cyst were causing him severe pain and that scheduling an appointment with the specialist was proving difficult. *Id.* Myers told Plaintiff to put in a sick call request to address the issue. *Id.*

Plaintiff submitted a sick call request on June 16, 2018. (Doc. 1, p. 6). He went to sick call the next day and explained his issues to the nurse. *Id.* The nurse informed Plaintiff that the matter had been turned over to Defendant Christine Brown. *Id.* "After a full year at [Pinckneyville], Plaintiff has not undergone a single diagnostic test regarding his kidneys," nor has he been given "any relief for the symptoms that accompany his serious medical condition." (Doc. 1, p. 8).

Plaintiff seeks declaratory relief and monetary damages. (Doc. 1, p. 10). He also requests an injunction ordering immediate treatment of his kidney stone and cyst, as well as appropriate follow up treatment. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need involving a kidney stone, cyst, and pain associated therewith, in violation of the Eighth Amendment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). As the Supreme Court has recognized, "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state such a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff has stated a claim under this standard with respect to Butalid and Myers.

As to Wexford, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff has not sufficiently alleged any such policy or practice, and has therefore failed to state a viable claim against Wexford.

With respect to Brown, it is well established that "[f]or constitutional violations under § 1983 ... a government official is only liable for his or her own misconduct." *E.g.*, *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). "This means that to recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of *respondeat superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Plaintiff's allegations do not clearly implicate

Brown for the delay in his kidney treatment. The only allegation concerning her personal involvement is that a nurse told Plaintiff June 17, 2018 that his case had been handed over to Brown. There are no specific allegations regarding how Brown has handled Plaintiff's case after receiving it. For these reasons, Plaintiff has failed to state a claim upon which relief may be granted against Brown.

For the foregoing reasons, Count 1 will proceed against Butalid and Myers and will be dismissed without prejudice against Wexford and Brown.

### Request for Injunction

In the request for relief in the Complaint, in relevant part, Plaintiff seeks an injunction ordering immediate medical care. (Doc. 1, p. 10). Plaintiff failed to file a separate motion pursuant to Federal Rule of Civil Procedure 65 seeking any sort of interim relief. He should have done so. Given the request in the Complaint, however, the Clerk will be directed to add a docket entry entitled "Motion for Preliminary Injunction," and the motion shall be considered referred to United States Magistrate Judge Reona J. Daly for consideration. Because wardens are generally responsible for ensuring that injunctive relief is carried out, the Clerk will further be directed to add the warden of Pinckneyville as a defendant in this action, in his or her official capacity only, for the purpose of carrying out any injunctive relief that is granted. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

### Disposition

The **CLERK** is **DIRECTED** to add a docket entry entitled "Motion for Preliminary

5

Injunction" in this case, and is further **DIRECTED** to add **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER** as a defendant in this case, in his or her official capacity only, for the purpose of carrying out any injunctive relief that is granted.

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **BUTALID** and **MYERS** and is **DISMISSED** without prejudice against **WEXFORD HEALTH SOURCES, INC.** and **CHRISTINE BROWN**.

**IT IS FURTHER ORDERED** that **WEXFORD HEALTH SOURCES, INC.** and **CHRISTINE BROWN** are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **BUTALID**, **MYERS**, and **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 15, 2018**

<u>s/ STACI M. YANDLE</u>
**U.S. District Judge**