# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEN GLINES, #Y19197, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-cv-01444-SMY |
| DR. BUTALID, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Alen Glines, an inmate of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, claiming Defendants Dr. Butalid and Dr. Myers were deliberately indifferent to his serious medical needs while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). He seeks monetary damages and injunctive relief.

This case is presently before the Court on Defendant Christopher Scott Thompson's Motion for Summary Judgment on Plaintiff's Request for Injunctive Relief (Docs. 82, 83) and Plaintiff's renewed Motion for Preliminary Injunction (Doc. 54).

Plaintiff makes the following allegations in his Complaint (Doc. 1): While incarcerated at Big Muddy Correctional Center in early summer 2017, Plaintiff was diagnosed with a stone in one kidney and a cyst in the other. He saw a kidney specialist on July 20, 2017. Subsequently, on July 30, 2017, Plaintiff was transferred to Pinckneyville. While at Pinckneyville, he saw Dr. Butalid and Dr. Myers for his kidney issues and complaints of pain and was told on multiple occasions he would see a kidney specialist. As of one year after his transfer to Pinckneyville, Plaintiff had not been seen by a kidney specialist or been provided any relief for the symptoms related to his kidney issues.

1

Following the Court's review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on an Eighth Amendment deliberate indifference claim against Drs. Butalid and Myers. (Doc. 7, pp. 4, 6). Because Plaintiff requested immediate medical care in the Complaint, a motion for preliminary injunction was docketed and the Warden of Pinckneyville was added as a defendant for purposes of Plaintiff's claim for injunctive relief. Plaintiff's motion for preliminary injunction was subsequently denied as moot because the Court was informed that Plaintiff had been sent on a medical furlough for an appointment with a kidney specialist and Plaintiff failed to respond to a Show Cause Order. (Docs. 36, 43, 45).

On April 1, 2019, Plaintiff filed a "Motion to Reinstate Preliminary Injunction" (Doc. 54) which the Court construes as a renewed motion for preliminary injunction. (Doc. 72). Defendant Thompson, as the Acting Warden of Pinckneyville, filed a Motion seeking summary judgment on Plaintiff's claim for injunctive relief, arguing the claim is moot because Plaintiff was transferred to Graham Correctional Center ("Graham") on June 26, 2019. (Docs. 82, 83). Plaintiff has not responded to the Motion and the time for doing so has expired. The Court considers Plaintiff's failure to respond an admission of both the facts set forth in the motion and the merits of the motion. See, SDIL LOCAL RULE 7.1(c) ("failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion"); FED.R.CIV.P. 56(e)(facts may be considered undisputed if a party fails to respond as required by Rule 56(c)); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)(failure to respond by the nonmovant as mandated by the local rules results in an admission).

It is well established that when a prisoner is transferred or released from IDOC custody his claims for injunctive relief are moot unless he can demonstrate that he is likely to be retransferred. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Here, there is no evidence that Plaintiff is

likely to be transferred back to Pinckneyville.  Accordingly, Defendant Thompson's Motion for Summary Judgment on Plaintiff's Requests for Injunctive Relief (Doc. 82) is **GRANTED** and Plaintiff's renewed Motion for Preliminary Injunction (Doc. 54) is **DENIED as MOOT**.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant Christopher Scott Thompson, Acting Warden of Pinckneyville Correctional Center, from the docket and enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:   January 29, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**